# United States District Court

## SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

V.

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:16-mj-0331

**ORLANDO RICHARD BANKS JR.,**

    I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On February 25, 2016, March 10, 2016 and April 7, 2016, in Marion County, in the Southern District of Indiana the defendant did,

COUNT 1: Unlawfully, distribute heroin, in violation of Title 21 United States Code, sections 841(a)(1) and 841(b)(1)(C).

I further state that I am a Task Force Officer, and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

**Continued on the attached sheet and made a part hereof.**

_____
Derek Heller, TFO/Drug Enforcement Agency

**Sworn to before me, and subscribed in my presence**

May 12, 2016                      at    Indianapolis, Indiana
**Date**

Debra McVicker Lynch, U.S. Magistrate Judge      _____
**Name and Title of Judicial Officer**                          **Signature of Judicial Officer**

# AFFIDAVIT

I, Derek Heller, Task Force Officer, U.S. Department of Justice, Drug Enforcement Administration (DEA), being duly sworn under oath states as follows:

1. I am a Task Force Officer with the United States Drug Enforcement Administration (DEA), United States Department of Justice. As such, I am an "investigative or law enforcement officer" within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I have been assigned to the DEA since August of 2014, and I am currently assigned to the DEA Indianapolis District Office, Indianapolis, Indiana.

2. My official DEA duties include investigating criminal violations of the federal narcotics laws, including , but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848, as well as federal money laundering laws, including, but not limited to, Title 18, United States Code, Sections 1956 and 1957. I have received special training in the enforcement of laws concerning controlled substances and money laundering as found in the United States Code. Some of the specialized training I have received includes, but is not limited to, classroom instruction concerning narcotics smuggling, money laundering investigations and conspiracy and complex investigations. I have been involved in various types of electronic surveillance, including the interception of wire communications, the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, the laundering and concealing of proceeds from drug trafficking and the street gangs who participate in these illegal activities.

3. As a result of these investigative activities, I have conducted and participated in hundreds of investigations with DEA that have resulted in the seizure of hundreds of kilograms of heroin, cocaine and methamphetamine, as well as thousands of pounds of marijuana. I am familiar with and have participated in all of the normal methods of investigation, including but not limited to visual surveillance, questioning of witnesses, controlled deliveries, undercover buys, execution of search and arrest warrants, management and use of informants, pen registers and Title III investigations.

4. The information set forth in this Affidavit is based upon my participation in this investigation, interviews of witnesses, review of law enforcement reports, discussions with other law enforcement officers, information provided by a confidential informant, review of video recordings and my experience and training. This Affidavit does not set forth each and every fact I have learned during this investigation, but rather is provided solely for the purpose of establishing probable cause in support of the complaint in this matter.

5. In February 2016, a United Drug Task Force (UDTF) Confidential Informant (hereinafter referred to as the CI) was interviewed by your affiant at the DEA Indianapolis Office. The CS provided information on a heroin trafficker operating in the Indianapolis Metropolitan area. The CI stated that he had purchased heroin from a man he only knows as "Sonny". "Sonny" was later identified as Orlando BANKS. During this period of time, the information provided by the CI has been corroborated by your Affiant and other law enforcement agents and the CI has not provided any information to law enforcement that has proven to be either untrue or unreliable.

6. On February 25, 2016 the CI met with Orlando BANKS and purchased 49.99 grams of heroin. On March 10, 2016 the CI met with Orlando BANKS and purchased 45.65 grams of

heroin. On April 7, 2016 the CI met with Orlando BANKS and purchased 48.17 grams of heroin. All three heroin amounts were verified and provided by the IMPD crime lab after testing. During each of the aforementioned purchases of heroin from BANKS, the CI was equipped with audio and video equipment. Additionally, all of the heroin purchases from BANKS occurred in the Southern District of Indiana.

7. Your Affiant conducted a criminal history check of Orlando BANKS and learned that BANKS has suffered prior felony convictions for Dealing in Cocaine or a Narcotic Drug in two separate cases, as well as Carrying A Handgun Without a License, and Possession of Cocaine or a Narcotic Drug.

Based on the above paragraphs, your affiant submits the probable cause exists for the arrest of Orlando BANKS for Distribution of Heroin, in violation of Title 21 United States Code, Section 841(a)(1) and 841(b)(1)(C),

FURTHER YOUR AFFIANT SAYETH NOT

_____
Derek Heller, Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me this 12 day of May, 2016

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana